**UNITED STATES**

v.

**Roy B. KECK, 488 58 6629, Operations Specialist Third Class (E–4), U.S. Navy.**

**NMCM 85 2922.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 7 May 1985.

Decided 30 May 1986.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LT Geraldine H. Casey, JAGC, USNR, Appellate Defense Counsel.

LT Linda P. McIntyre, JAGC, USNR, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MIELCZARSKI and DECARLO, JJ.

PER CURIAM:

Pursuant to his pleas, appellant was convicted by a special court-martial of one charge of unauthorized absence, Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. He was sentenced to confinement at hard labor for six months, forfeiture of $300.00 pay per month for three months, reduction to pay grade E–1, and a bad conduct discharge. The convening authority approved the sentence as adjudged.

After trial, defense counsel submitted three allegations of legal error. *See* R.C.M. 1105. Thereafter, the staff judge advocate prepared and submitted a recommendation to the convening authority pursuant to R.C.M. 1106. In that recommendation, the staff judge advocate failed to mention the allegations of error submitted by the appellant and also failed to note that appellant was placed in pretrial restraint. Trial defense counsel, upon receiving the recommendation, noted that the allegations were not addressed and requested that corrective action be taken. The staff judge advocate did not act upon this request.

Appellant asserts the following two assignments of error which are discussed *seriatim*.

I

ERROR TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT OCCURRED WHEN THE STAFF JUDGE ADVOCATE FAILED TO CORRECTLY PREPARE A REVIEW OF THE CASE AS REQUIRED BY RULES 1105 AND 1106 OF THE RULES FOR COURTS-MARTIAL, AND GIVE THE OFFICER WHO EXECUTED THE ACTION AN INFORMED PICTURE OF THE ACCUSED AND THE CASE PRIOR TO TAKING THE ACTION.

II

ERROR TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT OCCURRED WHEN THE MILITARY JUDGE FAILED TO FIND THAT THE CONDITIONS OF APPELLANT'S RESTRICTION WERE TANTAMOUNT TO CONFINEMENT AND THUS CONSTITUTED ILLEGAL PRIOR PUNISHMENT.

In appellant's first assignment of error, he argues that the failure of the staff judge advocate to effect a complete review under Rule for Courts-Martial (R.C.M.) 1106 requires a new staff judge advocate's recommendation and reviewing authority's action.

R.C.M. 1106(d)(3) requires the staff judge advocate to include in his recommendation, among other things, concise information as to the findings and sentence adjudged at trial, a summary of the accused's service record, the nature and duration of any pretrial restraint, whether there is a pretrial agreement, and a specific recommendation as to the action to be taken by the convening authority on the sentence. Subsection (d)(4) of the rule applies when the accused submits allegations of legal error pursuant to R.C.M. 1105 and provides in pertinent part that:

> the staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 … The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal errors is not required.

In this case, the staff judge advocate advised a substitute reviewing authority that the appellant was not in pretrial restraint and that there were no post-trial submissions by appellant, when, in fact, appellant was placed in pretrial restraint, a period of which was determined to be tantamount to confinement, and when in fact, three allegations of legal error were submitted pursuant to R.C.M. 1105. The rec-

ommendation did not address the allegations of error.

On appeal, the Government argues that R.C.M. 1106(d)(4) requires only that the staff judge advocate "call the convening authority's attention to the matters submitted by the accused" (Government brief at 5) and does not mandate that each allegation submitted be specifically recognized and addressed. They contend that the recommendation in this case conforms substantially to the requirements of R.C.M. 1106(d)(4) in that it specifically informs the convening authority of the requirement in R.C.M. 1107(b)(3)(A)(iii) that matters submitted by the accused must be considered. We disagree.

R.C.M. 1106 requires that the staff judge advocate affirmatively state whether corrective action should be taken when allegations of error are raised pursuant to R.C.M. 1105. While we agree with the Government that the rule does not mandate that the staff judge advocate write a legal epistle on the merits of the accused's submissions of error, it does make clear that the allegations must at least be acknowledged and a conclusion reached as to whether or not corrective action is warranted. *See* R.C.M. 1106(d)(4). Even accepting the Government position, which we do not, that the rule requires only that the convening authority be made aware of the existence of post-trial submissions, the recommendation in this case is defective in that it specifically stated that there were no post-trial submissions by the accused, thus rendering the boilerplate restatement of R.C.M. 1107(b)(3)(A)(iii) contained therein effectively meaningless.[1] This error is further compounded by the fact that the reviewing authority in this case was not the convening authority and had no personal

---

1. We disagree with the implicit assertion made by the defense that the convening authority's action was defective under R.C.M. 1107(b)(3)(A)(iii). It is apparent from the record that on 24 June 1985 trial defense counsel sent a memorandum to the convening authority informing him of the deficiencies in the staff judge advocate's recommendation. Included with this memorandum were two copies of the allegations of error submitted by defense counsel pursuant to R.C.M. 1105. Thus, while we find that the staff judge advocate's recommendation was deficient and erroneous, it is clear that the R.C.M. 1105 matter was submitted to the convening authority for his consideration prior to taking his action on 10 July 1985 and presumably considered by him.

knowledge of the facts nor any special motivation to read the record of trial. *See* R.C.M. 1107(b)(1).

■ This error, however, must be assessed for specific prejudice. *United States v. Remai,* 19 M.J. 229 (C.M.A.1985); *United States v. Barnette,* 21 M.J. 749 (NMCMR 1985); *United States v. Skaar,* 20 M.J. 836 (NMCMR 1985). The risk of harm to the appellant is that without a complete and accurate submission under R.C.M. 1106, the reviewing authority cannot properly exercise his "command prerogative" in taking his action on the findings and sentence. R.C.M. 1107(b)(1). This court is empowered to take corrective action when such a risk of prejudice is established. R.C.M. 1106(d)(6); S.Rep. No. 53, 98th Cong., 1st Sess. 21 (1983); *see also United States v. Ricks,* 21 M.J. 569 (ACMR 1985). In this case, we do not find the error materially prejudicial to the substantial rights of the accused. *United States v. Remai, supra.*

■ In reviewing the allegations of legal error submitted by appellant pursuant to R.C.M. 1105, we find no merit in any error alleged. The decision of whether to permit a viewing of the appellant's ship is properly within the sound discretion of the military judge, which discretion was not abused. *See* R.C.M. 913(c)(3). Similarly, the military judge did not abuse his discretion in allowing trial counsel to speak after defense counsel during arguments on sentencing. *See* R.C.M. 1001(a)(1)(F). Likewise, based on the discussion in part II of this opinion, we find no merit in appellant's argument that the conditions of his entire pretrial restriction were so onerous as to rise to the level of illegal pretrial punishment under Article 13, UCMJ, 10 U.S.C. § 813. We further note that there has been no claim by the appellant that he did not receive the sentence credit awarded at trial by the military judge despite the omission of such information in the staff judge advocate's recommendation.

Therefore, while we find the staff judge advocate's recommendation to be deficient under R.C.M. 1106(d)(4), the deficiencies, under the circumstances of this case, do not warrant relief by this Court.

## II

In appellant's second assignment of error, he claims that his pretrial restriction to the limits of the USS LONG BEACH was tantamount to confinement and constituted illegal prior punishment. He requests appropriate administrative credit against his sentence received at trial. *United States v. Allen,* 17 M.J. 126 (C.M.A.1984); *United States v. Larner,* 1 M.J. 371 (C.M.A.1976).

■ While on restriction, appellant worked regular shifts and was free to move about the ship within the limits of his security clearance, although he did attend restricted men's muster at various intervals throughout the day. All ship's facilities were available for appellant's use, the conditions of appellant's restriction did not prohibit him from the performance of military duties or activities, and the limits placed on his liberty were reasonable given the governmental interest in assuring his presence at trial. *United States v. Cherok,* 19 M.J. 559, 566 (N.M.C.M.R.1984); *United States v. Acireno,* 15 M.J. 570, 572 (A.C.M.R.1982). We therefore find that the conditions of appellant's restriction were not the equivalent of confinement. *See also United States v. Self,* No. 77 0548 (N.C.M.R. 15 August 1977).

Likewise, we further find that appellant's restriction was not punitive in nature and hence not illegal under Article 13, UCMJ. The conditions of his restriction were reasonably related to the legitimate governmental interest in keeping an administrative track of restricted personnel and in assuring that appellant would be present at trial. As such, they did not reflect any punitive intent on the part of appellant's command. *United States v. Palmiter,* 20 M.J. 90 (C.M.A.1985).[2] Thus, appellant's

---

2. In *Palmiter,* the Court refrained from a mechanical application of proscriptive rules concerning the conditions of restraint in favor of a case by case approach analyzing the intent be-

second assignment of error is also without merit.

Accordingly, the findings and sentence as approved on review below are affirmed.

hind the imposition of the particular condition complained of and determining "whether the purposes served by the restriction or condition are 'reasonably related to a legitimate Governmental objective.'" *Palmiter,* 20 M.J. at 95,

quoting *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). While *Palmiter* does not specifically address the problem of pretrial restrictions, its analysis is highly relevant to the case at hand.