UNITED STATES, Appellee,

v.

Private First Class Lester F. JONES, Jr., 231–08–3035, United States Army, Appellant.

No. ACMR 8600944.

U.S. Army Court of Military Review.

20 July 1987.

---

For appellant: Major Marion E. Winter, JAGC, Captain Stephanie C. Spahn, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Richard Parker, JAGC, Captain Jody Prescott, JAGC (on brief).

Before FELDER, SMITH and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was convicted of absence without leave (two specifications), larceny (five specifications), and forgery (eight specifications), in violation of Articles 86, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, and 923 (1982). The military judge sentenced appellant to a bad-conduct discharge, confinement for fifteen months, total forfeitures, and reduction to Private E–1. Incident to the pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for nine months, forfeitures of $426.00 pay per month for nine months, and reduction to Private E–1.

Appellant urges three errors, only two of which merit discussion.[1] Appellant first asserts the military judge erred by allowing on direct examination, over defense objection, testimony regarding specific instances of poor duty performance in violation of Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter R.C.M.] 1001(b)(5).[2] Secondly, appellant contends the military judge erred by failing to find Specification 5 of Charge II (larceny of $285.00) multiplicious for findings with Specifications 4, 6, and 8 of the Additional Charge (forgery by uttering

---

1. Appellant also asserts that his pleas of guilty were rendered improvident by the military judge's failure to inquire into the possible defense of lack of mental capacity.

2. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1001(b)(5) pertinently provides:

(5) *Evidence of Rehabilitation Potential.* The trial counsel may present, by testimony or oral deposition ..., evidence, in the form of opinions concerning the accused's previous performance as a servicemember and potential for rehabilitation. *On cross-examination, inquiry is allowable into relevant and specific instances of conduct.*
(Emphasis added).

in the aggregate amount of $285.00). We disagree with respect to the former and agree as to the latter.

In the instant case, appellant's First Sergeant (1SG) testified in aggravation. During direct examination, the following colloquy occurred:

TC [Trial Counsel]: Okay. Now you say you have had an opportunity to observe his duty performance.

[1SG]: Yes, Sir.

[TC]: Have you had an opportunity to form an opinion about that duty performance.

[1SG]: Yes, Sir.

[TC]: Could you tell us what that opinion is?

[1SG]: Well, when I used to talk to Jones—PFC Jones he insinuated, you know, when all the telephone calls and all this started that *he liked to run the streets, he didn't like the Army and he didn't want to be in the Army.*

DC [Defense Counsel]: Your, Honor, *I'm going to object to any uncharged misconduct* and would like to stick to just the charged misconduct.

MJ: Well at this point ... your objection is overruled.

(Emphasis added). Although his objection was styled as an objection predicated on uncharged misconduct proscribed by Mil.R. Evid. 404(b), appellant now claims error on the basis of a violation of R.C.M. 1001(b)(5).

It is well-settled that failure to make a timely and specific objection to the admission of evidence at trial waives any objection thereto on appeal in the absence of plain error. Mil.R.Evid. 103(a)(1); *United States v. McLemore,* 10 M.J. 238 (C.M.A. 1981) (Mil.R.Evid. 103(a)(1) takes "a very expansive view of waiver"); *United States v. Shelwood,* 15 M.J. 222 (C.M.A.1983) (the burden is on trial defense counsel to specify motions at trial). Moreover, although both Mil.R.Evid. 103(a)(1) and the drafters' analysis of the rule leave the words "specific ground for objection," substantially undefined, the requirement that objections be specific contemplates that they be unambiguous, whether clearly stated or evident in the context in which made, and that the objection be pertinent to the evidence challenged. *See United States v. Gordon,* 18 M.J. 463, 466 (C.M.A.1984) (right to appeal an out-of-court lineup identification was waived for failure to object at trial); *United States v. Means,* 20 M.J. 522, 526 (A.C. M.R.1985) (trial defense counsel must establish allegations of error at trial with "perspicacity and precision" if they or related claims of error are to be reviewable on appeal).

◾ Based on the attendant facts, we conclude the complained of testimony indicated, at most, that appellant no longer wished to be in the Army, preferring civilian life to that in the military. As such, it neither constituted evidence in the nature of uncharged misconduct nor plain error. Mil.R.Evid. 103(d). Trial defense counsel's objection thereto, predicated on a claim of uncharged misconduct, was thus not pertinent and any potential error associated with the introduction of the testimony in evidence was waived for lack of specificity. In view of our result, we need not reach the question of whether the proscriptions of R.C.M. 1001(b)(5) were breached in the instant circumstances. We note only that failure to preserve a claim of error at trial by timely and specific objection results in waiver, not only of the error as originally claimed but also of alternative claims of error presented for the first time on appeal. *United States v. Mennuti,* 679 F.2d 1032, 1036 (2d Cir.1982) (appellant who objected to "other act" evidence based on Fed.R.Evid. 403 could not assert error on the basis of Fed.R.Evid. 608 on appeal); *United States v. Sims,* 617 F.2d 1371, 1377 (9th Cir.1980) (error asserted for noncompliance with Fed.R.Evid. 803(8) did not lie when Fed.R.Evid. 803(6) was the claim of error raised at trial). Accordingly, we deem appellant's first claim of error to be without merit.

◾ Because we agree with appellant's assertion as to multiplicity, we will consolidate the multiple utterings by forgery with the larceny. We believe consolidation

appropriate to more accurately and fairly reflect the gravamen of appellant's misconduct. *United States v. Allen,* 16 M.J. 395, 396 (C.M.A.1983); *United States v. Kinney,* 22 M.J. 872, 876–877 (A.C.M.R.1986); *United States v. Harclerode,* 17 M.J. 981 (A.C.M.R.1984).

Specifications 4, 6, and 8 of the Additional Charge are consolidated with Specification 5 of Charge II as follows:

Specification 5: In that Private First Class Lester F. Jones, Jr., US Army, 49th Movement Control Center, Special Troops Battalion, 13th Support Command (Corps), did, at Fort Hood, Texas, a military installation, between on or about 10 July 1985, and on or about 30 July 1985, steal United States Currency, of a value of about $285.00, the property of Specialist Four Charles W. Stanford by uttering three forged checks stolen from the said Specialist Four Charles W. Stanford.

The findings of guilty of the Specifications of Charge I, Specification 5 of Charge II, as consolidated, and Specification 2 of the Additional Charge, are affirmed. Reassessing the sentence on the basis of the error noted, the sentence is affirmed.

Senior Judge FELDER, and Judge SMITH, concur.