### UNITED STATES

v.

**Jeffrey R. McGEE, 398 90 5006, Hospitalman Apprentice (E–2), U.S. Navy.**

**NMCM 88 3136.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 21 Feb. 1988.

Decided 31 Aug. 1989.

Capt Dwight H. Sullivan, USMCR, Appellate Defense Counsel.

LCDR L. Friedman, JAGC, USN, Appellate Government Counsel.

Before BYRNE, C.J., and ALBERTSON and JONES, JJ.

JONES, Judge:

Pursuant to his pleas, appellant was found guilty at a special court-martial of violations of the Uniform Code of Military Justice (UCMJ), Articles 86 and 121, 10 U.S.C. §§ 886 and 921, respectively. Convicted of an unauthorized absence of 45 days, theft of an automobile and wrongful appropriation of another automobile, appellant was sentenced by officer members to be reduced to pay grade E–1, forfeiture of $448.00 pay per month for six months, confinement for six months and a bad-conduct discharge. The convening authority approved the sentence as adjudged and ordered it executed, but suspended execution of the forfeitures for a period of six months from the date of trial.

Appellant requests that this Court set aside the sentence adjudged because the sentencing procedure used in this case was fundamentally unfair and violated his due process rights under the Fifth Amendment of the U.S. Constitution and the UCMJ. *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); *United States v. Pugliese,* 805 F.2d 1117, 1122 (2nd Cir. 1986).

I

After appellant pled guilty and chose to be sentenced by officer members, the military judge ruled, over defense objection, that the trial counsel could make both an opening and rebuttal sentencing argument. The defense counsel claimed that because the Government bore no burden of proof during sentencing proceedings, rebuttal argument was inappropriate. Thereafter, both counsel argued on sentence, followed by trial counsel's rebuttal argument reemphasizing the seriousness of the offenses and urging imposition of substantial confinement and a bad-conduct discharge. The defense counsel never requested permission to make a surrebuttal argument, nor did the military judge ask the defense counsel if he desired to do so.

■ Unlike proof of charges during trial on the merits, there is no burden of proof on either party during sentencing proceedings in non-capital cases. *Cf. United States ex rel. Parsons v. Adams,* 336 F.Supp. 340 (D.Conn.), *aff'd* 460 F.2d 257 (2nd Cir.1971), *cert. denied,* 405 U.S. 1070, 92 S.Ct. 1519, 31 L.Ed.2d 802 (1972). Rule for Courts–Martial 1001(a)(1) provides that during sentencing proceedings, trial counsel shall ordinarily argue first, followed by defense counsel. Rebuttal arguments are allowed within the discretion of the military judge. As a general rule, there is no right of government counsel to present rebuttal argument, the propriety of permitting such argument dependent upon the need to address only matters newly raised by the defense in its sentencing argument. In ruling on a government request for rebuttal, the military judge must discern the Government's true, legitimate interest in

rebutting matters raised by the defense to preclude either actual or perceived unfairness in allowing government counsel an additional argument where there is no burden of proof as to any particular sentence. The military judge must determine whether the content of the defense counsel's argument allows for further explanation or counteraction or whether the rebuttal argument would be merely a modified recitation of the Government's previous argument. This means that until the military judge has heard the defense counsel's sentencing argument, there is generally no means to determine whether a government rebuttal argument would be appropriate.

■ In this case, the military judge may be viewed as premature in his granting of government counsel's request for rebuttal argument prior to any argument being presented though he did specify that it be "limited to responsive rebuttal," thus by definition within his discretion. Trial defense counsel, however, never requested permission to make a surrebuttal argument. The military judge's denial of defense counsel's motion to preclude government rebuttal argument on sentencing did not equate to the foreclosing of defense counsel's opportunity to request surrebuttal argument. His failure to request surrebuttal argument waived any error in the military judge's prematurely granting government counsel permission to argue in rebuttal. *Cf. United States v. Means,* 24 M.J. 160 (C.M.A.1987); *United States v. Jones,* 24 M.J. 827 (ACMR 1987).

■ We decline to adopt any rigid rule for the order and number of sentencing arguments beyond that already provided for in Rule for Courts–Martial 1001(a)(1). As noted above, however, the military judge must carefully balance the Government's interest in a truly responsive rebuttal argument with the need for scrupulous regard for complete impartiality and fairness. When the Government requests and is permitted to make a rebuttal argument on sentence, then the military judge must exercise his discretion thoughtfully before declining to allow rejoinder by the defense. No longer will trial counsel be permitted

opening and closing argument on sentence as a routine matter; rather, our inquiry will focus on whether the military judge abused his discretion, and if so, whether that error has materially prejudiced the substantial rights of the accused. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

Because we find that defense counsel failed to preserve the issue for appeal because he never requested argument in surrebuttal, we will not grant relief. Moreover, given the short, repetitive nature of government counsel's rebuttal argument, we are convinced that appellant suffered no prejudice due to the sentencing procedure employed in this case.

## II

The convening authority was without power to order the bad-conduct discharge executed as he purported to do within his action. That portion of the convening authority's action is thus a nullity.

The findings of guilty and the sentence as approved on review below are affirmed.

Chief Judge BYRNE and Judge ALBERTSON concur.