UNITED STATES

v.

Robert J. BUDICIN, 328 48 5470, Lieutenant (O–3), U.S. Navy.

NMCM 90 2726.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 25 May 1990.

Decided 17 Dec. 1990.

Capt Dwight H. Sullivan, USMC, Appellate Defense Counsel.

LT L. Lynn Jowers, JAGC, USN, Appellate Government Counsel.

Before WILLEVER, STRICKLAND and ORR, JJ.

ORR, Judge:

In accordance with his pleas, the appellant was found guilty at a general court-martial of six violations of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892, including one specification of willful dereliction in the performance of his duties as his command's CMS Custodian and five specifications of mishandling classified material contrary to the applicable Department of the Navy directive (OPNA-VINST 5510.1H), and fifteen violations of Article 107, UCMJ, 10 U.S.C. § 907, including one specification that he falsely told his commanding officer that he had mailed certain classified documents when he had not done so and fourteen specifications that he signed his commanding officer's name without authorization to certain COMSEC material destruction reports. The appellant was sentenced by the military judge to forfeit $100.00 pay per month for 24 months and to be dismissed from the Naval Service. The convening authority approved the findings and sentence, but suspended the dismissal for a period of 24 months from the date of his action.

The appellant raises two assignments of error in the conduct of his trial and the post-trial review. The first asserts that the staff judge advocate erred in advising the convening authority that the appellant had been convicted of a specification that had actually been dismissed by the military judge. The appellant points to the staff judge advocate's post-trial advice, which correctly points out that the appellant pleaded guilty to Specifications 7 and 8 of the Additional Charge but incorrectly indicates that the appellant was found guilty of both specifications. Since these specifications charged the appellant with falsely signing his commanding officer's name to the first page (Specification 7) and the second page (Specification 8) of the same document, the military judge found them to be multiplicious for findings (Record at 62–63), consolidated them into a single specification (Specification 7), and dismissed the remaining specification (Specification 8). The staff judge advocate's mistake is repeated in the promulgating order.

Although the appellant asks us to return this case to the convening authority for a new recommendation and action, we are convinced that the convening authority could not have been misled by such a mistake in approving the sentence because he was advised that the military judge had ruled that all of the specifications of which the appellant had been found guilty under the Additional Charge (14 by the judge's findings and 15 by the staff judge advocate's advice) must be considered only two offenses for sentencing purposes. We have also considered the fact that the appellant was convicted of several other serious offenses, that he received considerably less than the maximum authorized punishment, and that the convening authority exercised clemency by suspending the most severe aspect of the appellant's punishment. We find, therefore, that this mistake in the staff judge advocate's advice is not plain error (*United States v. Ruiz*, 30 M.J. 867 (N.M.C.M.R.1990); *United States v. Givens*, No. 89 1582 (N.M.C.M.R. 7 December 1989)), and that the trial defense counsel's failure to comment on the mistake has waived the error. Rule for Courts–Martial (R.C.M.) 1106(f)(6), Manual for Courts–Martial, United States, 1984.

The second assigned error is that the military judge erred by allowing the trial counsel to choose between making the ini-

tial or opening argument on an appropriate sentence or making the closing or last argument. R.C.M. 1001(a)(1) states:

> After findings of guilty have been announced, the prosecution and defense may present matter pursuant to this rule ... in determining an appropriate sentence. Such matter shall ordinarily be presented in the following sequence—
>
> ....
>
> (D) Argument by the trial counsel on sentence.
>
> (E) Argument by the defense counsel on sentence.
>
> (F) Rebuttal arguments in the discretion of the military judge.

Following the conclusion of the defense counsel's presentation of matters in extenuation and mitigation, the trial counsel declined to present rebuttal evidence, and the military judge asked the trial counsel if he wanted to open or rebut on the sentence argument. The trial counsel stated he wished to rebut. Record at 78. Without further comment, the defense counsel presented his argument on an appropriate sentence, followed by the trial counsel's argument. This Court has previously held under R.C.M. 1001(a)(1)(F) that a "military judge did not abuse his discretion in allowing trial counsel to speak after defense counsel during arguments on sentence." *United States v. Keck,* 22 M.J. 755, 758 (N.M.C.M.R.1986). More recently, this Court declined "to adopt any rigid rule for the order and number of sentencing arguments beyond that already provided for in ... [R.C.M.] 1001(a)(1)." *United States v. McGee,* 30 M.J. 1086, 1087 (N.M.C.M.R. 1989). Although the Court in *McGee* was resolving a question raised by the military judge overruling the defense counsel's objection to the trial counsel making a rebuttal argument on an appropriate sentence, we find the rationale expressed in that opinion to be applicable to the present issue:

> [T]he military judge must carefully balance the Government's interest in a truly responsive rebuttal argument with the need for scrupulous regard for complete impartiality and fairness. When the Government requests and is permitted to make a rebuttal argument on sentence, then the military judge must exercise his discretion thoughtfully before declining to allow rejoinder by the defense. No longer will trial counsel be permitted opening and closing argument on sentence as a routine matter; rather, our inquiry will focus on whether the military judge abused his discretion, and if so, whether that error has materially prejudiced the substantial rights of the accused.

*McGee* at 1089–90 (citation omitted).

Likewise, we hold that trial counsel should not routinely be permitted to choose whether to argue first or last on sentence when rebuttal is not contemplated. The operative word is "ordinarily," and in the absence of some good cause shown to depart from the sequence specified in R.C.M. 1001(a)(1), the military judge should not permit such a departure. In the present case, the trial counsel did not ask to argue last but was presented that option on the military judge's own initiative. We find, however, that the error did not materially prejudice the appellant in this case because: (1) under R.C.M. 1001(g), the defense counsel's failure to object either to the military judge offering the trial counsel such a choice or to the trial counsel's decision to argue last waived the error; and, (2) the sentence in this case was not determined by members, but by a military judge, who is less likely to be influenced by such procedural subtleties.

In addition to the error in the promulgating order concerning Specification 8 of the Additional Charge, we note that contrary to R.C.M. 1114(c), the order does not set forth the accused's pleas. Only the charges and specification on which the accused was arraigned and the findings or other disposition of each charge and specification is published in the order.

The findings and sentence, as approved on review below, are affirmed. A corrected promulgating order shall be issued by the appropriate authority stating the accused's pleas to each charge and specification and correctly stating the disposition of

Specifications 7 and 8 of the Additional Charge.

Chief Judge WILLEVER and Senior Judge STRICKLAND concur.