**UNITED STATES**

v.

**Staff Sergeant Jeffrey P. MARTIN, FR555–49–4468, United States Air Force.**

**ACM S28543.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 May 1991.

Decided 7 Jan. 1993.

---

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Lieutenant Colonel G. Michael Lennon, and Captain Ursula P. Moul.

Appellate Counsel for the United States: Lieutenant Colonel Glenn B. Hammond, Major Paul H. Blackwell, Jr., and Captain James C. Sinwell.

Before DIXON, McLAUTHLIN, and HEIMBURG, Appellate Military Judges.

## OPINION OF THE COURT

HEIMBURG, Judge:

Appellant pleaded guilty to distribution and use of marijuana and was sentenced by a special court-martial to a bad-conduct discharge and reduction to E–1. The convening authority approved the sentence as adjudged. Appellant asserts two errors in his presentencing procedure. Finding no prejudice to appellant's substantial rights, we affirm.

Appellant first asserts the military judge erred when he announced each side would be allowed one sentence argument and permitted trial counsel, over defense objection, to choose to argue last. By permitting the trial counsel to argue last, appellant contends, the military judge gave the trial counsel all the advantages of rebuttal with no requirement that the argument be responsive to anything said by defense counsel, and left the defense in the position of not being able to respond to improper assertions by the prosecutor.

R.C.M. 1001(a)(1) is an outline of presentence procedure. It says:

Such matter shall *ordinarily* be presented in the following sequence—

\* \* \* \* \* \*

(D) Argument by the trial counsel on sentence.

(E) Argument by the defense counsel on sentence.

(F) Rebuttal arguments in the discretion of the military judge.

(Emphasis supplied.)

■ Even though historically there was some question about who could argue concerning sentence and when,[1] the current procedure is clear. R.C.M. 1001(a)(1) is a valid exercise of the President's authority to prescribe trial procedures. Article 36(a), UCMJ. We agree with the Navy–Marine Court of Military Review, which stated in *United States v. Budicin*, 32 M.J. 795, 797 (N.M.C.M.R.1990):

> [T]rial counsel should not routinely be permitted to choose whether to argue first or last on sentence when rebuttal is not contemplated. The operative word is "ordinarily," and in the absence of some good cause shown to depart from the sequence specified in R.C.M. 1001(a)(1), the military judge should not permit such a departure.

■ By presenting trial counsel the option of arguing first or last, the trial judge committed procedural error. Nonetheless, we are unable to find any prejudice to the substantial rights of appellant resulting from this deviation from the R.C.M. 1001(a)(1) procedure. Article 59(a), UCMJ. Appellant argues the trial judge, by this procedure, did not permit response to "improper assertions," but we note trial defense counsel made no request to respond to any assertions by the prosecutor. Even though the trial judge expressly limited each side to one argument, we are unwilling to presume he would have refused to allow rebuttal to any improper assertions by either side.[2]

■ Appellant next asserts plain error in trial counsel's repeated reference to "the position of the United States Air Force" during sentencing argument. He asserts trial counsel argued, in essence, that the policy of the Air Force required the members to sentence appellant to a bad-conduct discharge.

Trial defense counsel did not object to any impropriety in the argument of trial counsel, perhaps because the argument did not seem improper in context. Failure to object to improper argument before the trial judge begins instructions to the members normally constitutes waiver, absent an error of such dimension that a miscarriage of justice would otherwise result. R.C.M. 1001(g); *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982); *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A.1986). Argument which incorporates departmental policy on the treatment of a class of offenders can constitute plain error. *United States v. Kirkpatrick*, 33 M.J. 132 (C.M.A.1991); *United States v. Grady*, 15 M.J. 275 (C.M.A.1983); *United States v. Hawthorne*, 7 U.S.C.M.A. 293, 22 C.M.R. 83 (1956).

We have carefully examined trial counsel's entire sentencing argument. In context, his reference to "the position of the Air Force" was advocacy, not an appeal to a policy which the court must follow. Trial counsel began:

> Colonel [H] and members of the Court, you've heard Captain [C] argue for the

---

1. For several years after the UCMJ took effect, there was some question whether it was proper for trial counsel to argue at all on the quantum of punishment to be adjudged. *Compare United States v. Rhine*, 13 C.M.R. 632, 638–39 (A.F.B.R. 1953) *with United States v. Goodwin*, 7 C.M.R. 471 (C.G.B.R.1953). In *United States v. Weller*, 18 C.M.R. 473 (A.F.B.R.1954), our predecessor Board of Review concluded that argument based on matters in evidence should be permitted, a position the Court of Military Appeals adopted in *United States v. Olson*, 7 U.S.C.M.A. 242, 22 C.M.R. 32 (1956).

    As to the order of argument, in early cases it appears the defense counsel argued first, with trial counsel giving a rebuttal. *See United States v. Weller, supra* at 484; *United States v. Rhine, supra* at 638. The *Weller* Board of Review recommended the order of argument adopted by the President in the Manual for Courts–Martial, 1969 (Rev.), paragraph 75a(1), and left unchanged in R.C.M. 1001(a)(1).

2. R.C.M. 1001(a)(1)(F) gives the trial judge authority to allow "rebuttal arguments." Use of the plural expressly allows the judge to permit defense counsel surrebuttal if trial counsel has given rebuttal argument. *Cf. United States v. McGee*, 30 M.J. 1086 (N.M.C.M.R.1989).

Defense's side in this case. I'm going to advocate the position of the United States Air Force here today. But all we do is argue and the ultimate decision lies with you and, as Captain [C] said, it's a very important decision.

You're the representatives of Travis Air Force Base and the Travis community and it's going to be the sentence that you give today that sends the message that Travis wants to send. You have to decide what that message is going to be.

Contrary to appellant's assertions, trial counsel did not attempt to invoke a policy of the Air Force mandating discharge or any other result. When, later in the argument, he stated appellant spent "nine years in an Air Force where everybody knows that drugs aren't tolerated," he stated an obvious fact. We take note it is not only the Air Force, but all the United States government, that has declared a "war on drugs." It does not flow from Air Force or national "intolerance" to drug abuse that any particular sentence must be adjudged, and we find no discernible indication that trial counsel's argument suggests differently. Unlike sentencing arguments previously condemned by the Court of Military Appeals, this argument did not refer to policies "in a manner which in effect brings the commander into the deliberation room." *United States v. Grady, supra* at 276.

Having examined the entire record of trial, we conclude the findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of appellant was committed. Accordingly, the approved findings of guilty and the sentence are

AFFIRMED.

Chief Judge DIXON and Senior Judge McLAUTHLIN concur.