UNITED STATES, Appellee

v.

Jeffrey P. MARTIN, Staff Sergeant
U.S. Air Force, Appellant.

No. 93–0700.

CMR No. S28543.

U.S. Court of Military Appeals.

Argued April 6, 1994.

Decided July 14, 1994.

For Appellant: *Lieutenant Colonel G. Michael Lennon,* USAFR (argued); *Colonel Jay L. Cohen* and *Captain Ursula P. Moul* (on brief); *Colonel Terry J. Woodhouse* and *Lieutenant Colonel Frank J. Spinner.*

For Appellee: *Major Jules D. Silberberg* (argued); *Colonel Jeffery T. Infelise* and *Captain Jane M.E. Peterson* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

At a special court-martial, appellant was convicted, pursuant to his pleas, of distribution and use of marihuana in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced by court members to a bad-conduct discharge and reduction to the lowest enlisted grade. The convening authority approved the sentence. The Court of Military Review affirmed. 36 MJ 739 (1993). We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY ALLOWING TRIAL COUNSEL OVER DEFENSE OBJECTION, TO CHOOSE THE ORDER OF SENTENCING ARGUMENTS.

In this instance the military judge asked trial counsel whether he preferred to argue first or last. The prosecutor elected to argue last. Defense counsel objected.

Prior to 1951 as to findings[1] and 1981 as to sentence,[2] the Manual for Courts–Martial,

---

**1.** Paragraph 72*a*, Manual for Courts–Martial, United States, 1951 provided: "The trial counsel has the right to make the opening argument and, if any argument is made on behalf of the defense, the closing argument."

**2.** Paragraph 75*a* (1), Manual for Courts–Martial, United States, 1969 (Revised edition) (Change 5) provided:

After findings of guilty have been announced, the prosecution and defense may present appropriate matter to aid the court in determining an appropriate sentence. Such matter shall be presented pursuant to this paragraph and, when presented, shall ordinarily follow the following sequence:

* * *

(g) Argument by the trial counsel on sentence.

United States, did not expressly set forth the order of closing arguments. But paralleling the change to the Federal Rules of Criminal Procedure effective in December 1975, the Manual for Courts–Martial, United States, 1969 (Revised edition), did set forth (in para. 75a (1)) the rules concerning the order of sentencing arguments and attempted to eliminate at least one of the issues left open under Fed.R.Crim.P. 29.1.[3] RCM 1001(a)(1), Manual for Courts–Martial, United States, 1984, now provides an outline of sentencing procedures as follows:

> Such matter [regarding "an appropriate sentence"] shall ordinarily be presented in the following sequence—
>
> \*     \*     \*
>
> (D) Argument by the trial counsel on sentence.
>
> (E) Argument by the defense counsel on sentence.
>
> (F) Rebuttal arguments in the discretion of the military judge.

Cf. RCM 801(a)(3): "The military judge is the presiding officer in a court-martial.... The military judge shall: ... Subject to the code and this Manual, exercise reasonable control over the proceedings to promote the purposes of these rules and this Manual...."

■ We agree with the Courts of Military Review that "trial counsel should not routinely be permitted to choose whether to argue first or last on sentence" and should be limited to a truly responsive rebuttal. 36 MJ 739 at 741, quoting United States v. Budicin, 32 MJ 795, 797 (NMCMR 1990). It is desirable to have a uniform practice before courts-martial. If there is to be a deviation in this practice over the objection of counsel, good cause for the deviation should be set forth by the judge.

> (h) Argument by the Defense counsel on sentence.
> (i) Rebuttal arguments in the discretion of the military judge....

3. Fed.R.Crim.P. 29.1, provides as follows: "After the closing of evidence the prosecution shall open the argument. The defense shall be permitted to reply. The prosecution shall then be permitted to reply in rebuttal."

The issue left open is what happens if the prosecution does not make the initial closing

■ While the judge committed error by allowing the prosecutor to argue last, we conclude that his ruling did not prejudice the substantial rights of the accused. Art. 59(a), UCMJ, 10 USC § 859(a). While appellant argues he was prejudiced by improper comments made by trial counsel, there were no objections and no request by defense counsel to argue in rebuttal. Like the court below, 36 MJ at 741, we will not "presume" that the judge would have refused proper rebuttal in the case. RCM 1001(a)(1)(F).

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COX, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (dissenting):

It is well established that Fed.R.Crim.P. 29.1 was designed to give the defendant a chance to respond to the Government's case and argument in an informed manner. United States v. Byrd, 834 F.2d 145, 147 (8th Cir.1987); United States v. Sarmiento, 744 F.2d 755, 766 (11th Cir.1984); United States v. Taylor, 728 F.2d 930, 936 (7th Cir.1984). I conclude that RCM 1001(a)(1), Manual for Courts–Martial, United States, 1984, is similarly designed, so the military judge's ruling here was error.

To know what your opponent says and to get the last word in before a factfinder is important. As the English poet Frances Quarles said:

> Judge not the play before the play is done:
> Her plot hath many changes; every day
> Speaks a new scene; the last act crowns the play.

argument. RCM 1001(a)(1)(F), Manual for Courts–Martial, United States, 1984, provides for "rebuttal." RCM 919(a) provides: "Trial counsel shall then be permitted to reply in rebuttal." The question of waiver of the initial closing was intentionally left open in the Federal Rules. H.R.Rep. No. 247, 94th Cong. 1st Sess. 17 (1975), reprinted in 1975 U.S.Code Cong. & Admin.News 674, 689. See C. Wright, Federal Practice and Procedure: Criminal 2d § 471 at 680–81 (1982).

*Epigram. Respice Finem,* Circa 1635, *quoted in the Oxford Dictionary of Quotations* 533 #16 (A. Partington 4th ed. 1992).

Justice really is fairness. The last opportunity to *shape* the argument, according to my understanding of RCM 1001 and ·Fed. R.Crim.P. 29.1, should belong to the defense. Here the Government was given the last opportunity with no good reason stated on the record. The defense closing should be an informed one after the defense hears the main government argument. It is mere speculation to say that defense counsel's closing argument would have been the same if the proper order had been adhered to in this trial. This is particularly so in light of trial counsel's introduction of new matter, *i.e.,* Air Force policy, during closing argument. Moreover, the substance of trial counsel's argument was challenged on appeal to the Court of Military Review by appellant as being improper.

I would reverse the decision below as to sentence and give appellant a fair sentencing hearing this time.