# United States Navy-Marine Corps Court of Criminal Appeals

————————————

**UNITED STATES**
Appellee

**v.**

**Ramone M. WILSON**
Intelligence Specialist Second Class (E-5), U.S. Navy
Appellant

**No. 201900008**

Appeal from the United States Navy-Marine Corps Trial Judiciary.

Decided: 15 April 2019.

Military Judge:
Captain Colleen Glaser-Allen

Sentence adjudged 27 September 2018 by a special court-martial convened at Washington Navy Yard, District of Columbia, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to E-1, to pay a fine of $5,836.95, confinement for 120 days, and a bad-conduct discharge.

For Appellant:
*Captain Scott F. Hallauer, JAGC, USN.*

For Appellee:
*Brian K. Keller, Esq.*

————————————

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

————————————

Before HUTCHISON, TANG, and STEPHENS,
*Appellate Military Judges.*

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866.

However, we note that in the court-martial order (CMO), the convening authority ordered the immediate execution of the adjudged bad-conduct discharge.[1] Unless an accused has waived the right to appellate review, the convening authority may not order an adjudged punitive discharge executed. Art. 71(c)(1), UCMJ; RULE FOR COURTS-MARTIAL 1113(c), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). In this case, the appellant neither waived nor withdrew from appellate review. Accordingly, that portion of the CMO purporting to order the execution of the bad-conduct discharge was a legal nullity. *See United States v. Renaud,* 19 M.J. 313 (C.M.A. 1985) (summary disposition); *United States v. Caver,* 41 M.J. 556, 565 (N.M. Ct. Crim. App. 1994); *United States v. McGee,* 30 M.J. 1086, 1088 (N.M.C.M.R. 1989).

Although we find no prejudice from the erroneous indication that his bad-conduct discharge had been executed as of the date of the CMO, the appellant is entitled to have a court-martial record that correctly reflects the content of his proceeding. *United States v. Crumpley,* 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the CA shall issue a corrected CMO stating "the sentence is approved and, except for the bad-conduct discharge, is ordered executed."

The findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] The language in the convening authority's action is "the sentence is approved and will be executed in accordance with the UCMJ, applicable regulations, and the terms of the pretrial agreement." The action did not distinguish between the punitive discharge and remainder of the adjudged sentence.